UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Julio Marrero Ortiz, | ) | CASE NO. 1:19 CV 2518 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| Vs. | ) | |
| | ) | |
| | ) | |
| Commissioner of Social Security, | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Defendant. | ) | |

**INTRODUCTION**

This matter is before the Court upon the Report and Recommendation of Magistrate Judge James R. Knepp ("R&R")(Doc. 16) recommending that the decision of the Commissioner be affirmed. Plaintiff has filed objections. For the reasons that follow, the R&R is ACCEPTED and the decision of the Commissioner is AFFIRMED.

**STANDARD OF REVIEW**

When objections are made to a Magistrate Judge's Report and Recommendation, the district court reviews the case *de novo*. Federal Rule of Civil Procedure 72(b) provides in pertinent part:

1

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule.  The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

**ANALYSIS**

As set forth below, the Court incorporates the R&R into this Opinion.  Therefore, the Court need not repeat the medical history, which is thoroughly recited by the Magistrate Judge.  Plaintiff objects to the R&R on four grounds.  Each will be addressed in turn.

1. *Res Judicata*

Plaintiff first objects to the Magistrate Judge's conclusion that the ALJ did not err in finding a different residual functional capacity from the prior ALJ decision.  Specifically, plaintiff argues that since his alleged onset date of disability was January 1, 1979, and the prior ALJ decision was issued in 2013, "his alleged period of disability included the same time frame as the prior ALJ decision."  Plaintiff asserts that failing "to apply *res judicata* to the findings in that decision constituted harmful error and should result in the matter being remanded for a hearing to consider all the evidence since [the] alleged onset date."

Plaintiff did not raise this argument with the Magistrate Judge and may not do so for the first time in an objection to the R&R.  *See Peterson v. Burris,* 2017 WL 8289655, at \*3 (6th Cir. 2017) ("Issues raised for the first time in objections to a magistrate judge's report and recommendation are deemed waived.")  Indeed, the argument plaintiff raised to the Magistrate Judge was that the ALJ erred in finding a different residual functional capacity for the unadjudicated period, i.e., the period after the 2013 ALJ decision.  Plaintiff did not make any

argument regarding his 1979 alleged onset date or the time period already reviewed by the prior ALJ.[1]  Accordingly, this argument is waived and the objection is not well-taken.

2.  Dr. Vasquez

Plaintiff next objects to the Magistrate Judge's conclusion that the ALJ properly considered the opinion of his treating physician, Dr. Vasquez.  According to plaintiff, the ALJ failed to provide "good reasons" when discounting this opinion.

Upon review, the Court finds that the ALJ correctly applied the treating physician rule with respect to Dr. Vasquez's opinion.  As noted by the Magistrate Judge, the ALJ acknowledged Dr. Vasquez was a treating source, but declined to afford the opinion controlling weight.  The ALJ instead assigned Dr. Vasquez's opinion limited weight for two reasons: (1) "the medical evidence of record does not support such extreme limitations" and (2) an opinion on "whether or not an individual is able to work is [an issue] reserved for the Commissioner." The ALJ then provided a few examples of where the medical evidence was inconsistent with the opinion.  Prior to weighing this opinion, the ALJ provided a detailed discussion and review of the treatment records which indicated that plaintiff's impairments were not as severe as opined by Dr. Vasquez.  For example, the ALJ noted that while plaintiff had depression and lower intellectual functioning, he was able to shop, attend church, and make small pieces of furniture. It is clear from this discussion that the ALJ carefully considered all of the evidence when

---

[1] Moreover, the Court observes that this is a case for Title XVI benefits only. Under Title XVI, "there is no retroactivity of payment." Social Security Ruling 83-20: Titles II and XVI: Onset of Disability (rescinded October 2, 2018). *See also* 20 C.F.R. §§ 416.330, 416.335.  As such, the earliest possible date plaintiff could have even obtained Title XVI benefits would have been after his May 2, 2016 application date.

assigning Dr. Vasquez's opinion limited weight.  *See Crum v. Comm'r of Soc. Sec.*, 660 Fed.Appx 449, 457 (6th Cir. 2016) ("[T]he ALJ did not reproduce a list of these treatment records a second time when she explained why Dr. Bell's opinion was inconsistent with the record.  But it suffices that she listed them elsewhere in the opinion.")

Plaintiff also insists that the ALJ's reliance on treatment notes from several years prior to the date of the opinion fails "to consider the fact that plaintiff's condition changed over time."  Plaintiff did not raise this argument to the Magistrate Judge and, therefore, it is waived.  Morever, the ALJ provided a detailed discussion of treatment notes covering the entire relevant period, not just those treatment notes from several years prior to Dr. Vasquez's opinion.  Accordingly, this objection is not well-taken.

3.  Dr. Flowers

Plaintiff next objects to the Magistrate Judge's finding that the ALJ properly considered the opinion of the consultative examiner, Dr. Flowers.  As noted by the Magistrate Judge, Dr. Flowers opined plaintiff was limited in his ability to understand, remember, and carry out complex instructions, but could remember simple instructions and sustain attention and concentration.  Dr. Flowers also found plaintiff was limited in his ability to complete multi-step tasks.  Dr. Flowers observed no problems with irritability or social interaction, but acknowledged plaintiff's history of difficulty in both areas.  The ALJ assigned weight to this opinion "to the extent that it is consistent with the assigned residual functional capacity."

The Magistrate Judge found that because there was no conflict between the residual functional capacity and Dr. Flowers' opinion, no further explanation by the ALJ was necessary.  Upon review, the Court agrees.  The residual functional capacity limited plaintiff to simple,

routine tasks, superficial interactions with co-workers, and no direct interaction with the general public. These limitations are consistent with Dr. Flowers' opinion. Plaintiff does not explain what additional limitations should have been included in the residual functional capacity as to better reflect the opinion. *See Pasco v. Comm'r of Soc. Sec.,* 137 Fed.Appx. 828, 839 (6th Cir. 2005) (finding an ALJ did not err in failing to discuss a consultative examiner report, when the claimant did not explain how the report would support her disability claim.)

Plaintiff observes that Dr. Flowers "found that [he] had an age equivalent of less than 6 years old." The Court notes that Dr. Flowers administered a nonverbal intelligence test during the consultative examination and plaintiff earned an age equivalency score of less than six years old. Based upon this testing and evaluation, Dr. Flowers provided the above discussed opinion. Plaintiff does not explain what additional limitations this age equivalency score translates to or how this score is inconsistent with the residual functional capacity assessed by the ALJ. Moreover, plaintiff did not raise any argument to the Magistrate Judge regarding this age equivalency score. Accordingly, this objection is not well-taken.

4. Ms. Perez

Finally, plaintiff objects to the Magistrate Judge's finding that the ALJ's decision to discount the opinion of his case manager, Ms. Perez, was supported by substantial evidence. Plaintiff suggests that the ALJ improperly focused on plaintiff's church attendance when discounting this opinion. As correctly noted by the Magistrate Judge, Ms. Perez is not an "acceptable medical source" subject to the treating physician rule. Indeed, when "considering an opinion from a source, such as a social worker, who does not qualify as an 'acceptable medical source' under the regulations, the ALJ should explain the weight given to the opinion such that

the claimant or a subsequent reviewer is able to follow the ALJ's reasoning." *Marijanovic v. Comm'r of Soc. Sec.*, 2017 WL 8231367, *1 (6th Cir. 2017).

The Magistrate Judge concluded that it was reasonable for the ALJ to discount Ms. Perez's opinion on the basis that plaintiff attends church regularly and is able to make small pieces of furniture.[2] The Court agrees. The ALJ adequately explained that Ms. Perez's opinion was inconsistent with the objective medical evidence, specifically highlighting plaintiff's church attendance and furniture-making hobby. The ALJ also provided a detailed review of plaintiff's case management notes prior to weighing Ms. Perez's opinion. The ALJ clearly considered, weighed, and explained the reasoning for assigning limited weight to Ms. Perez's opinion and such conclusion is supported by substantial evidence. This is all that is required for a non-acceptable medical source. *See Noto v. Comm'r of Soc. Sec.,* 632 Fed.Appx. 243, 248-249 (6th Cir. 2015). Accordingly, this objection is not well-taken.

**CONCLUSION**

This Court, having reviewed the Report and Recommendation and finding plaintiff's objections without merit, hereby accepts the Magistrate Judge's Report and Recommendation. In accordance with that recommendation, judgment is entered in favor of the Commissioner for the reasons stated by the Magistrate Judge and the Report and Recommendation is incorporated herein by reference.

---

[2] The Magistrate Judge acknowledged that the ALJ "failed to realize" that Ms. Perez was plaintiff's case manager when weighing the opinion, noting that Ms. Perez "did not identify herself as a medical provider" within the opinion. The Magistrate Judge found that the ALJ's conclusion regarding Ms. Perez's opinion was supported by substantial evidence regardless of this oversight. Plaintiff makes no objections to the Court with respect to this finding.

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge
Chief Judge

Dated: 12/22/20